**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Randall C. MOYER, Defendant—**
**Appellant.**

No. 06–4184.

United States Court of Appeals,
Tenth Circuit.

Sept. 17, 2007.

Richard P. Mauro, Salt Lake City, UT, for Defendant–Appellant.

Before KELLY, MURPHY, and O'BRIEN, Circuit Judges.*

### ORDER AND JUDGMENT**

PAUL J. KELLY, JR., Circuit Judge.

Defendant–Appellant Randall C. Moyer pleaded guilty to one count of attempted manufacture of fifty grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 240 months' imprisonment and sixty months' supervised release.[1] Pursuant to the plea agreement, Mr. Moyer agreed to:

> waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 *or on any ground whatever*, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction ...; and (2) a sentence *above* the high end of the guideline range as determined by the district court at sentencing....

I R. Supp. at 3, ¶ 10. He also agreed to "waive my right to challenge my sentence, and the manner in which my sentence is

Diana Hagen, Office of the United States Attorney, District of Utah, Colleen K. Coebergh, Salt Lake City, UT, for Plaintiff–Appellee.

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. The district court determined that the adjusted offense level was 34, which became 37 given a career offender enhancement. U.S.S.G. § 4B1.1(b)(A). Mr. Moyer received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 34, with a criminal history category of VI. III R. at 13, IV R. at 8, ¶ 31; at 16, ¶¶ 51–53. This resulted in a Guideline range of 262–327 months; however, after hearing from Mr. Moyer's trial counsel, the district court decided upon a downward variance. III R. at 23.

determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255." *Id.* Plainly, the 240–month sentence is below the maximum life term and consistent with the required five-year supervised release term. 21 U.S.C. § 841(b)(1)(A). The 240–month sentence certainly does not exceed the high end of the Guideline range of 327 months-the district court sentenced with a downward variance of 22 months from the low end of the Guideline range.

Mr. Moyer's trial counsel filed a notice of appeal challenging the judgment and sentence. Appellate counsel represents that she has reviewed the trial record available and finds no reasonable grounds for appeal in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). She also seeks leave to withdraw. *Anders,* 386 U.S. at 744, 87 S.Ct. 1396. She has raised the following issues in the *Anders* brief: (1) whether Mr. Moyer waived his right to appeal, (2) whether the plea was entered voluntarily and knowingly, (3) whether his Sixth Amendment rights were not violated when the district court determined that he was a career offender (without his prior convictions being found by a jury beyond a reasonable doubt), (4) whether his sentence was reasonable, post-*Booker* applying the factors set forth in 18 U.S.C. § 3553(a), and (5) whether trial counsel rendered ineffective assistance of counsel during the course of plea proceedings and whether that could be cognizable on direct appeal. Aplt. Br. at 1–2, 9. Mr. Moyer was served a copy of the brief. Aplt. Br. at 24. In response, Mr. Moyer has filed a litany of complaints about trial and appellate counsel. He seeks to "disallow" the *Anders* brief and have new counsel appointed so that he may pursue a district court hearing as to his sanity, aided by a psychiatric evaluation and complete documents pertaining to his case. He contends that if his sentence is lawful, he was insane at the time of the offense, plea change, and/or sentencing. The government has responded that Mr. Moyer's appeal is patently frivolous because Mr. Moyer waived his right to appeal pursuant to the plea agreement, and for reasons identified in the *Anders* brief.

Aided by appellate counsel's thoroughly considered *Anders* brief, we have conducted an independent review and examination of the record. An appeal waiver will be enforced where: (1) "the disputed appeal falls within the scope of the waiver of appellate rights;" (2) the defendant's waiver of his appellate rights was knowing and voluntary; and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir.2004) (en banc) (per curiam). We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and Mr. Moyer's various responses and motions, and we conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT counsel's motion to withdraw, DENY all pending motions, and DISMISS the appeal.