FILED
United States Court of Appeals
Tenth Circuit

**July 29, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

v.

RANDALL C. MOYER,

　　　　　Defendant - Appellant.

No. 08-4226
(D. Utah)
(D.C. Nos. 2:08-CV-00700-TS
and 2:04-CR-00387-TS-1)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, Randall Moyer seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The matter is before this court on Moyer's request for a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Moyer has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

Moyer pleaded guilty to one count of attempting to manufacture fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was

sentenced to 240 months' imprisonment. Although the written plea agreement contained a waiver of Moyer's right to directly appeal or collaterally attack his conviction and sentence, he filed a direct appeal with this court. *United States v. Moyer*, 247 Fed. App'x 996 (10th Cir. 2007) (unpublished disposition). Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the government argued Moyer waived his right to appeal pursuant to the terms of the plea agreement. *Id*. at 998. This court enforced the waiver and dismissed Moyer's appeal. *Id.*

Moyer filed the instant § 2255 motion on September 15, 2008, challenging the validity of his plea based on a claim of ineffective assistance of counsel. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The district court denied Moyer's § 2255 motion, concluding his claim failed because his conclusory allegations of ineffective assistance were insufficient to overcome statements he made in open court during the plea proceedings that he was knowingly and voluntarily entering into the plea agreement. *See Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996).

To be entitled to a COA, Moyer must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Moyer has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Moyer need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Moyer's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes he is not entitled to a COA. The district court's resolution of Moyer's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Moyer's request for a COA and **dismisses** this appeal. Moyer's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge